1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CARL STICH,                                    No.  2:20-CV-1300-JAM-DMC-P

12              Plaintiff,

13        v.                                         <u>ORDER</u>

14    NICKOLAS LIND, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Nickolas Lind, a primary care health provider at Ironwood State Prison; and (2) Amardeep Kaur, a dentist at California State Prison – Solano.  See ECF No. 1, pg. 2.  Plaintiff alleges two claims for deliberate indifference to his medical needs under the Eighth Amendment.

Claim I

Plaintiff alleges that, while at Ironwood State Prison, he was sent to Alta Homes Hospital for blood work and treatment.  See id. at 3.  While there, Plaintiff states he contracted "HEP-C" from the blood, a development of which Plaintiff was not aware for some time.  See id. Plaintiff further states that medical treatment of the virus has been delayed.  See id.

Claim II

Plaintiff contends that, while at California State Prison – Solano, he was not provided dentures.  See id. at 4.

## II.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

1    concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u>
2    <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth
3    specific facts as to each individual defendant's causal role in the alleged constitutional
4    deprivation. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

5         Plaintiff's complaint suffers a key defect, specifically the failure to link either of
6    the named defendants to the alleged violations of his Eighth Amendment rights.

7

8                              **III.  CONCLUSION**

9         Because it is possible that the deficiencies identified in this order may be cured by
10   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
11   action. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
12   informed that, as a general rule, an amended complaint supersedes the original complaint. <u>See</u>
13   <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
14   amend, all claims alleged in the original complaint which are not alleged in the amended
15   complaint are waived. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
16   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
17   Plaintiff's amended complaint complete. <u>See</u> Local Rule 220.  An amended complaint must be
18   complete in itself without reference to any prior pleading. <u>See</u> <u>id.</u>

19        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
20   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. <u>See</u>
21   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
22   each named defendant is involved, and must set forth some affirmative link or connection
23   between each defendant's actions and the claimed deprivation. <u>See</u> <u>May v. Enomoto</u>, 633 F.2d
24   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

25        Finally, Plaintiff is warned that failure to file an amended complaint within the
26   time provided in this order may be grounds for dismissal of this action. <u>See</u> <u>Ferdik</u>, 963 F.2d at
27   1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
28   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend; and

        2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  March 23, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4